IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-CR-159-WKW |
| | ) | [WO] |
| DAVID GADSDEN | ) | |

**ORDER**

On May 8, David Gadsden filed a *pro se* motion to revise his presentence report. (Doc. # 212.) He seeks to remove allegations of past violent conduct from his presentence report. He has not identified a source of authority pursuant to which he seeks relief, nor explained how the court has jurisdiction to entertain his motion. The United States Probation Office for the Middle District of Alabama recommends that the motion be denied. (Doc. # 217.) The court has "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). After analyzing Defendant's motion pursuant to Fed. R. Crim. P. 32, and 36, and 28 U.S.C. §§ 2255 and 2241, Defendant's motion is due to be denied.

First, "Fed. R. Crim. P. 32 does not confer jurisdiction on the district court to consider a motion to correct a presentence investigation report. The correct procedure to pursue a Rule 32 violation is to do so on direct appeal." *United States*

*v. Peloso*, 824 F.2d 914, 915 (11th Cir. 1987) (citations omitted).  Second, Rule 36 is unavailing because Defendant does not allege that the report contains any clerical errors.  *See* Fed. R. Crim. P. 36 ("After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.").

Third, the court is without jurisdiction to entertain the motion under § 2255 because Defendant has previously filed a § 2255 petition and did not receive permission from the Eleventh Circuit before filing a successive motion as is required.  *See Darby v. Hawk-Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005); *Gadsden v. United States*, No. 2:15-cv-933-WKW (M.D. Ala. Sept. 14, 2018) (final judgment).  Finally, 28 U.S.C. § 2241 cannot form a basis for relief.  "A section 2241 petition may only be entertained if the petitioner establishes that the remedy provided by § 2255 is inadequate or ineffective."  *United States v. Solliday*, No. 90-08109-CR, 2011 WL 13172183, at *3 (S.D. Fla. May 6, 2011)  (citing *Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999)).  Defendant has failed to affirmatively show either the inadequacy or ineffectiveness of the § 2255 remedy.  *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979) (per curiam).[1]  It is therefore ORDERED that Defendant's motion (Doc. # 212) is DENIED.

---

[1] The Eleventh Circuit adopted as precedent all rulings of the former Fifth Circuit handed down prior to October 1, 1981.  *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

DONE this 12th day of June, 2020.

              /s/ W. Keith Watkins
            UNITED STATES DISTRICT JUDGE